# IN THE COURT OF APPEALS OF IOWA

No. 15-1856
Filed September 28, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**WILLIAM HAYDEN MARTIN, JR.,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Lucy J. Gamon (motion to withdraw), E. Richard Meadows Jr. (application for new counsel), and Daniel P. Wilson (plea), Judges.

Defendant appeals a conviction and sentence, alleging ineffective assistance of counsel. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin R. Cmelik and Thomas E. Bakke, Assistant Attorneys General, for appellee.

Considered by Vogel, P.J., Vaitheswaran, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

On October 6, 2015, William Martin Jr. pled guilty to one count of ongoing criminal conduct, a class "B" felony. Martin was sentenced to serve up to twenty-five years in prison. Martin now appeals, claiming ineffective assistance of counsel.

Ordinarily, claims of ineffective assistance of counsel are preserved for postconviction-relief proceedings. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). However, we may review such claims if the record is adequate. *Id.* Here we find the record is adequate to enable our review. We review claims of ineffective assistance of counsel de novo. *See State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003). To establish a claim of ineffective assistance of counsel, a litigant must prove (1) counsel failed to perform an essential duty, and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Martin asserts he received ineffective assistance in three regards: (1) counsel's failure to assert his right to speedy trial, (2) counsel's failure to investigate a witness sufficiently, and (3) counsel's alleged statement to the court that Martin planned to commit perjury.

### 1. Speedy Trial

Through his first attorney, Martin waived his ninety-day right to speedy trial on February 24, 2014. *See* Iowa R. Crim. P. 2.33(2)(b). After Martin claimed his first attorney was ineffective and asked for new counsel, he waived his one-year right to speedy trial on December 23, 2014. *See* Iowa R. Crim. P. 2.33(2)(c). Trial was continued to March—presumably to allow his new counsel time to prepare—and then continued to May, for reasons not apparent from the record.

His second attorney then requested a continuance due to a conflict and trial was set for July 28, 2015. On July 23, 2015, Martin filed a motion alleging that attorney had provided ineffective assistance of counsel by denying Martin his right to a speedy trial. At the hearing held pursuant to Martin's motion, Martin testified he had asked counsel to go to trial. His counsel testified they had not discussed Martin's right to speedy trial. The court allowed Martin's second attorney to withdraw and imposed Martin's ninety-day speedy-trial demand. Martin pled guilty within ninety days.

Martin alleges counsel was ineffective for not representing to the court that he wished to withdraw his waiver of his right to speedy trial. However, the record makes clear he did not communicate that wish to his counsel, who was under the impression Martin wished to proceed to trial in July 2015. It was only on the eve of trial that Martin filed his pro se motion. Martin then pled guilty within ninety days. Counsel breached no essential duty, and therefore is not ineffective as to this claim.

### 2. Witness Investigation

Martin next asserts his counsel were ineffective for failing to investigate a potential witness thoroughly. Essentially, Martin contends he was blackmailed by this potential witness under threat of being accused of sexual assault and that blackmail led to his unlawful conduct that resulted in this prosecution. Martin desired to assert this blackmail as a compulsion defense. The record suggests a disagreement over presenting this defense was the basis for the withdrawal of Martin's first attorney. Martin's second attorney investigated this defense to some degree, but quickly concluded (a) it had no legal merit, and (b)

investigating it further risked verifying the information was false, which would then prevent counsel from allowing Martin to testify as he wished. *See* Iowa R. of Prof'l Conduct 32:3:3(a)(3).

"Counsel's duty to investigate and prepare a defense is not limitless and does not require counsel to pursue each possible witness and delve into every line of inquiry." *Van Hoff v. State*, 447 N.W.2d 665, 670 (Iowa Ct. App. 1989). "When counsel makes a reasonable tactical decision, this court will not engage in second-guessing." *Id.* Counsel's decision not to investigate this defense further was a reasonable one. Martin asserts, to the contrary, that this witness's potential appearance as a rebuttal witness, of which he was informed the day of trial, prejudiced him by diminishing his negotiating position. Even assuming that to be true, "[i]mprovident trial strategy, miscalculated tactics, mistake, carelessness or inexperience do not necessarily amount to ineffective assistance of counsel." *State v. Aldape*, 307 N.W.2d 32, 42 (Iowa 1981). Assuming without deciding some prejudice resulted, what Martin asserts amounts to no more than, in hindsight, improvident trial strategy. We find no breach of an essential duty by counsel as to this claim.

### 3. Perjury

Martin alleges his counsel informed the court Martin planned to commit perjury. At a hearing before the trial court, speaking of the aforementioned witness, Martin's second attorney informed the court, "So I was worried that if I pursued that avenue [Martin's compulsion defense], I was going to be in a situation where I was going to discover that this was going to be perjured

testimony on the part of Mr. Martin."[1]  This is not the same as informing the court Martin planned to commit perjury.  The lawyer went on to explain his ethical concerns.  Nothing in the record suggests the court understood the lawyer to be accusing Martin of perjury or a plan to commit perjury.  We conclude the lawyer did not breach an essential duty as to this claim.

For the foregoing reasons, we find Martin did not receive ineffective assistance of counsel.  We affirm his conviction and sentence.

**AFFIRMED.**

---

[1] Martin's counsel only answered the judge's question after Martin waived the attorney-client privilege and allowed counsel to disclose their conversation.